BYRNES, Judge.
By this appeal, plaintiffs-appellants, Em-elda Warner, Elaine Warner and Alvin Warner assert that the trial court erred in dismissing their rule to declare the will of Emelda Graden Mitchell null and void. We agree and reverse.
FACTS
On December 15, 1982, a statutory will was executed by the decedent with Ruth Bradford and Rosell Bradford as the two witnesses. Among the several special bequests contained in the will, $500.00 was left to Ruth Bradford as well as $500.00 to each of the appellants. On September 12, 1984, Ms. Mitchell died. The executor filed a petition to deliver the particular legacies on November 5, 1984, and judgment of possession was signed on that date. Later that month, the attorney for the executor delivered to Ruth Bradford a check for $500.00 and had her sign a receipt for the same. Shortly after the delivery of the check, a petition to annul the will was filed by the appellants which alleged inter alia that the will was invalid because Ruth Bradford, witness to the will, was also a named legatee. The executor then stopped payment on all checks issued pursuant to the judgment of possession. Ruth Bradford did not attempt to negotiate her check after learning that the validity of the will was contested.
At the hearing of the rule to declare the will invalid, the executor and his attorney testified concerning the disbursement of the legacies pursuant to Ms. Mitchell’s will. The receipt signed by Ruth Bradford acknowledging delivery of the $500.00 legacy was placed into evidence. Also introduced into evidence were a copy of Mrs. Mitchell’s will, an affidavit of attesting witnesses signed by both Ruth and Rosell Bradford, and the judgment of possession. At the conclusion of the hearing, the trial court upheld the validity of the will by finding that Ruth Bradford impliedly renounced her legacy. Appellants now appeal this ruling.
ASSIGNMENTS OF ERROR
By their first assignment of error, appellants contend that Ms. Mitchell’s will is invalid because Ruth Bradford, being a witness to the will, could not also be named a legatee. We agree. The Louisiana Supreme Court addressed this very issue in Evans v. Evans, 410 So.2d 729 (La.1982). *152 In Evans a witness to a statutory will was also named a residuary legatee. The Court applied C.C. Arts. 1592 and 1595 and invalidated the will, finding that failure to comply with the prohibition against naming testamentary witnesses as legatees rendered it null and void.
The statutory and codal law applicable to the present case being identical to that in effect when the Court ruled on Evans, we are duty bound to follow its rationale despite our concerns over negating the testatrix’s intent. We therefore find that Ms. Mitchell’s will is null and void.
Appellees argue, that the trial court was correct in upholding the will by finding that Ruth Bradford had impliedly renounced her interest in the succession. We find no merit in this argument. Although the Court in Evans, stated in dicta that “renunciation by a legatee who is also a witness might serve as an appropriate vehicle to cure a defect which existed at the time of its execution”, (emphasis added) Id. at 733, this potential solution is not available in the present case because, in our opinion, Ruth Bradford accepted the $500.00 legacy thereby precluding any subsequent renunciation. See C.C. Art. 1009.
This conclusion is supported by several facts in the record as well as by the ultimate holding in Evans. Firstly, Ruth Bradford accepted delivery of the $500.00 check from the executor’s attorney and signed a receipt for the same. Although she did not attempt to negotiate the check prior to learning that the will had been contested, her decision to retain the check was clearly an expression of her accept-' anee. Secondly, Ms. Bradford executed an affidavit for probate of the testament and was recognized as a legatee in the judgment of possession. These last two facts alone were construed by the court in Evans to constitute an express acceptance of the legacy which precluded any subsequent renunciation. Id. at 733, 734. See C.C. Art. 988. Furthermore, Ms. Bradford continues to claim her legacy in brief before this court, asserting that she never intended to reject it, and, in fact, accepted it when offered, and still claims the legacy if she can obtain it.
Having accepted the $500.00 legacy, Mrs. Bradford’s action cannot now be disputed unless it was “... the consequence of fraud practiced or violence exercised against [her]”. C.C. Art. 1009. In the absence of such allegations we find no merit to the argument that Ms. Bradford’s acceptance can now be revoked in order to cure the defect in the testament by a renunciation of the bequest.
Having found Ms. Mitchell’s will invalid, we need not address appellants’ remaining assignments of error.
Judgment of the trial court is reversed. Costs of this appeal are assessed to appel-lees.
REVERSED.
AMENDMENT
PER CURIAM.
We have noticed that our original opinion assessed costs of the appeal to “appellees.” Technically, Ruth L. Bradford is an appel-lee. We do not think, however, that she should be assessed costs.
She was made a defendant and a third-party defendant by the adversaries in this matter. She answered to deny allegations suggesting impropriety on her part and to avoid being cast for costs, but she took a position essentially non-adversarial on the crucial issue of the validity of the will. Her legacy was $500.00, and she took the position that if the will was valid, she would accept the legacy; and if the will was invalid, then so be it.
Although, as a legatee under the will she will be affected by our judgment, her participation in this matter has been only to clarify her position that she would not renounce her legacy. On the only truly adversarial issue, the validity of the will, she left that to the other parties to fight. Under these circumstances she should not be cast for costs.
We amend our original judgment to exclude Ruth L. Bradford from among the appellees assessed costs of this appeal.
*153 REHEARING DENIED
PER CURIAM.
In considering the application for rehearing we noticed that our original opinion assessed costs of the appeal to “appel-lees.” Technically, Ruth L. Bradford is an appellee. We do not think, however, that she should be assessed costs.
She was made a defendant and a third-party defendant by the adversaries in this matter. She answered to deny allegations suggesting impropriety on her part and to avoid being cast for costs, but she took a position essentially non-adversarial on the crucial issue of the validity of the will. Her legacy was $500.00, and she took the position that if the will was valid, she would accept the legacy; and if the will was invalid, then so be it.
Although, as a legatee under the will she will be affected by our judgment, her participation in this matter has been only to clarify her position that she would not renounce her legacy. On the only truly adversarial issue, the validity of the will, she left that to the other parties to fight. Under these circumstances she should not be cast for costs.
We amend our original judgment to exclude Ruth L. Bradford from among the appellees assessed costs of this appeal.